UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| ERIKA NELSON<br>*Plaintiff.*<br>v.<br>WTU RETAIL ENERGY, L.P.<br>*Defendant.* | CIVIL ACTION NO.<br><br>4-15CV- 647A<br><br>TRIAL BY JURY DEMANDED |

**ORIGINAL COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Plaintiff Erika Nelson, complains of WTU Retail Energy, L.P. Defendant, and for cause of action would respectfully show as follows:

**PRELIMINARY STATEMENT**

1. This is an action for damages brought by individual, Plaintiff Erika Nelson against Defendant WTU Retail Energy, L.P. for violations of the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227(b)(1)(A) and 47 U.S.C. § 227(b)(1)(A)(iii).

2. Plaintiff received several calls from WTU Retail Energy, L.P. to her cellular telephone without the prior express or implied consent to call. Plaintiff contends that WTU Retail Energy, L.P. used an Automatic Telephone Dialing System with pre-recorded messages when placing calls to her cellular telephone.

3. Plaintiff contends that the Defendant has acted voluntarily, intentionally and under its own free will and knew or should have known that Defendant was engaged in acts that constitute violations of the several statutes.

**Original Complaint**                  Page 1 of 7

## JURISDICTION AND VENUE

4. Jurisdiction of this Court arises under 47 U.S.C. §227(b)(3).

5. This Court has jurisdiction over Defendant pursuant to 28 U.S.C. §1391b because Defendant engages in business within this state.

6. Venue is proper pursuant to 28 U.S.C. §1391b and 47 U.S.C. §227(b)(3).

7. Venue in the Northern District of Texas, Fort Worth Division is proper in that the Plaintiff resides in State of Texas, Tarrant County, City of Fort Worth, the Defendant transacts business here, and the conduct complained of occurred here.

## PARTIES

8. The Plaintiff in this lawsuit is Erika Nelson (Ms. Nelson), a natural person and a citizen of Tarrant County, Texas.

9. Defendant in this lawsuit is WTU Retail Energy, L.P. (herein after "WTU Retail Energy") a company with principal office at 12 Greenway Plaza, Suite 250, Houston, TX 77046.

10. WTU Retail Energy may be served with process by serving: Corporate Creations Network, Inc., 4265 San Felipe, #1100, Houston, TX 77027

## FACTUAL ALLEGATIONS

11. The telephone number (956) 246-0364 is assigned to a cellular telephone belonging to Ms. Nelson. **(See Exhibit A)**

12. The telephone number (866) 716-4101 is assigned to WTU Retail Energy.

13. **Refer to Exhibit B**, WTU Retail Energy called the cellular telephone number (956) 246-0364 on the following dates and times:

    1. June 29, 2015 at 02:46 p.m.
    2. June 30, 2015 at 12:32 p.m.
    3. June 30, 2015 at 02:46 p.m.
    4. June 30, 2015 at 03:30 p.m.
    5. July 01, 2015 at 12:14 p.m.
    6. July 01, 2015 at 03:32 p.m.
    7. July 02, 2015 at 08:43 a.m.
    8. July 02, 2015 at 01:28 p.m.
    9. July 03, 2015 at 02:00 p.m.
    10. July 03, 2015 at 04:13 p.m.
    11. July 06, 2015 at 01:14 p.m.
    12. July 07, 2015 at 11:12 a.m.
    13. July 08, 2015 at 08:34 a.m.
    14. July 13, 2015 at 03:14 p.m.
    15. July 14, 2015 at 02:32 p.m.
    16. July 15, 2015 at 12:28 p.m.
    17. July 15, 2015 at 04:26 p.m.
    18. July 15, 2015 at 05:51 p.m.
    19. July 16, 2015 at 11:48 a.m.
    20. July 16, 2015 at 03:07 p.m.
    21. July 18, 2015 at 10:30 a.m.
    22. July 21, 2015 at 12:34 p.m.
    23. July 21, 2015 at 03:21 p.m.

14. On July 09, 2015 at 11:59 a.m., Ms. Nelson answered the telephone call and was greeted with a pre-recorded message. **(Refer to Exhibit A)**

15. WTU Retail Energy used an automatic telephone dialing system to dial Ms. Nelson wireless cellular phone as defined by the Telephone Consumer Protection Act, 47 U.S.C. §227(a)(1).

16. WTU Retail Energy called Ms. Nelson cellular telephone number for a non-emergency purpose.

17. Ms. Nelson has not had a prior established relationship with WTU Retail Energy.

18. Ms. Nelson attempted to mitigate damages in this matter with WTU Retail Energy before commencing legal action to no avail.

19. The acts alleged herein all took place in Tarrant County, Texas in that the communications were received there.

## COUNT I

### VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. §227(b)(1)(A) BY DEFENDANT WTU RETAIL ENERGY, L.L.C.

20. Paragraphs 1 through 19 are re-alleged as though fully set forth herein.

21. Ms. Nelson and WTU Retail Energy at this time do not have an established business relationship within the meaning of 47 U.S.C. §227(a)(2).

22. WTU Retail Energy called Ms. Nelson cellular telephone using an "automatic telephone dialing system" within the meaning of 47 U.S.C. §227(a)(1).

23. 47 U.S.C. §227(b)(1)(A) which states in part;

    (b) RESTRICTIONS ON THE USE OF AUTOMATED TELEPHONE EQUIPMENT.—

    > (1) PROHIBITIONS.—It shall be *unlawful for any person* within the United States, or any person outside the United States if the recipient is within the United States—
    >
    > > *(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—*

24. In each telephone communication referenced in ¶13 and ¶14 WTU Retail Energy has demonstrated willful or knowing non-compliance with 47 U.S.C. § 227 (b)(1)(A) by using an automatic telephone dialing system or used a telephone dialing system that has the *capacity* to automatically call the Ms. Nelson cellular telephone number (956) 246-0364, which is assigned to a cellular telephone service *with no prior express consent* and for *no emergency purpose.*

**WHEREFORE**, Ms. Nelson prays for relief and judgment, as follows:

a) Adjudging that Defendant violated the Telephone Consumer Protection Act and/or admission from the Defendant(s) that they violated the Telephone Consumer Protection Act;

b) Awarding Ms. Nelson statutory damages, pursuant to 47 U.S.C §227(b)(3)(B); which states in part: an action to recover for actual monetary loss form such a violation, or to receive $500 in damages for each such violation, whichever is greater.

c) Awarding Ms. Nelson statutory damages, pursuant to 47 U.S.C §227(b)(3)(C); which states in part: If the Court finds that the Defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the Court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 (three) times the amount available under subparagraph (B) of this paragraph.

d) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II

### VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT
### 47 U.S.C. §227(b)(1)(A)(iii) BY DEFENDANT WTU RETAIL ENERGY, L.L.C.

25. Ms. Nelson alleges and incorporates the information in paragraphs 1 through 24.

26. 47 U.S.C. §227(b)(1)(A)(iii) which states in part;

> (b) RESTRICTIONS ON THE USE OF AUTOMATED TELEPHONE EQUIPMENT.—
>
>> (1) PROHIBITIONS.—It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—
>>
>>> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—
>>>
>>> (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call;

27. In each telephone communication referenced in ¶13 and ¶14, WTU Retail Energy has demonstrated willful or knowing non-compliance with 47 U.S.C. §227(b)(1)(A)(iii) by using equipment with automatic telephone dialing system or used a telephone dialing system that has the *capacity* to automatically call the Ms. Nelson number (956) 246-0364, which is *assigned to a cellular telephone service.*

**WHEREFORE**, Ms. Nelson prays for relief and judgment, as follows:

e) Adjudging that Defendant violated the Telephone Consumer Protection Act and/or admission from the Defendant(s) that they violated the Telephone Consumer Protection Act;

f) Awarding Ms. Nelson statutory damages, pursuant to 47 U.S.C §227(b)(3)(B); which states in part: an action to recover for actual monetary loss form such a violation, or to receive $500 in damages for each such violation, whichever is greater.

g) Awarding Ms. Nelson statutory damages, pursuant to 47 U.S.C §227(b)(3)(C); which states in part: If the Court finds that the Defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the Court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 (three) times the amount available under subparagraph (B) of this paragraph.

h) Awarding such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Ms. Nelson is entitled to and hereby demands trial by jury.

Dated: August 25, 2015

Respectfully Submitted,

*[signature]*

Erika Nelson
1716 Cherbourg Drive, #1801
Fort Worth, TX 76120
(817) 717-0431
Erikanelson54@aol.com

## AFFIDAVIT OF ERIKA NELSON

BEFORE ME personally appeared Erika Nelson who, being by me first duly sworn and identified in accordance to Texas law, deposes and says:

1. My name is Erika Nelson.

2. I, am the owner of the cellular telephone assigned the phone number (956) 246-0364.

3. I have been the owner of the subject telephone number (956) 246-0364 since January 18, 2015 until the present time.

4. I answered the phone the on July 09, 2015 at 11:59 a.m. and was greeted with a pre-recorded message.

5. I have never given WTU Retail Energy, L.P. express consent, written, or otherwise to contact me on my cellular telephone number (956) 246-0364.

6. I have no prior or present established relationship with WTU Retail Energy, L.P.

7. I further certify that I am over the age of eighteen.

8. I testify that these statements are true and signed under the penalty of perjury.

_____
Erika Nelson, Affiant

State of TEXAS
County of TARRANT

SWORN TO and subscribed before me, a notary public, on this 20th day of August 2015 personally appeared EriKa Nelson, known to me through description of identity card to be the person whose name is subscribed to the foregoing document and, being by me first duly sworn, declared that the statements therein contained are true and correct.

_____
Notary Public's Signature

(Personalized Seal)



HARGIE SCOTT
Notary Public, State of Texas
My Commission Expires
July 28, 2019

Exhibit A











Exhibit B











Exhibit B








Exhibit B